STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FRANCIS HUTCHINS, A/K/A/ "HUTCH," ULYSSES WALLS, NORMAN PRINCE AND ERNEST HERNDON, A/K/A/ "JABO," DEFENDANTS-APPELLANTS.

Argued January 10, 1966—Decided March 7, 1966.

Mr. *James A. Major* argued the cause for appellants (*Messrs. Major and Major,* attorneys).

Mr. *Harold N. Springstead* argued the cause for respondent (*Mr. Ronald J. Picinich,* Assistant Prosecutor, on the brief; *Mr. Guy W. Calissi,* Bergen County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. This matter was twice before us.

Four defendants were convicted on September 25, 1962 of conspiracy with one Foti to conduct a lottery. Foti wrote the numbers and testified the four defendants, Walls, Herndon, Hutchins and Prince, succeeded each other as the collector of the slips. The Appellate Division reversed the convictions. We reversed the Appellate Division as to Walls, Herndon and Hutchins, and remanded the matter as to Prince alone for additional testimony on a search-and-seizure issue. *State v. Hutchins,* 43 *N. J.* 85 (1964). The trial court returned the additional testimony with a finding that the search of Prince was lawful and we affirmed. *State v. Hutchins,* 44 *N. J.* 49 (1965). On that further argument before us, defendants sought to raise the question whether *Malloy v. Hogan,* 378 *U. S.* 1, 84 *S. Ct.* 1489, 12 *L. Ed.* 2d 653 (1964), decided after our first opinion, prohibited comment on the failure of Herndon (all other defendants testified) to testify. We refused to accept the issue saying (44 *N. J.,* at *p.* 51):

"The issue is not before us, for, as stated above, we concluded on the first appeal all issues except the one embraced by the remand."

None of the defendants sought a direct review by the United States Supreme Court of that decision. Rather they undertook a collateral attack in the United States District Court. Thereafter *Griffin v. State of California,* 380 *U. S.* 609, 85 *S. Ct.* 1229, 14 *L. Ed. 2d* 106 (1965), came down, holding the Federal Constitution did forbid comment upon the failure to testify. The United States District Court then dismissed the proceeding before it, so that defendants might submit to the State courts the question "whether *Malloy,* as enlarged by *Griffin,* should be applied retrospectively in a collateral proceeding in a case no longer subject to direct appeal." Defendants then applied to our trial court for post-conviction relief under *R. R.* 3:10A.

As mentioned above, the comment applied only to Herndon, who alone failed to testify, and his conviction and as well the convictions of Walls and Hutchins were approved in our first opinion cited above. Nonetheless the other defendants say the comment as to Herndon prejudiced them because it tended to bolster the credibility of Foti who was a witness against all. We think this thesis is too attenuated, especially since, despite the theme of a single conspiracy, the critical factual issue was several as to each defendant, *i.e.,* whether one succeeded the other as the collector. At any rate, we think that *Tehan v. United States ex rel. Shott,* 382 *U. S.* 406, 86 *S. Ct.* 459, 15 *L. Ed. 2d* 453 (Jan. 19, 1966), which deals with the problem of retrospective application of *Griffin* does not require that any of our judgments, which defendants did not seek to review directly, should be undone upon this collateral attack. See *State v. Cerce,* 46 *N. J.* 387 (1966).

Mindful of the conception in *Tehan* that "the basic purposes that lie behind the privilege against self-incrimination do not relate to protecting the innocent from conviction, but rather to preserving the integrity of a judicial system in which even the guilty are not to be convicted unless the prosecution 'shoulder the entire load'" and that "the Fifth Amendment's privilege against self-incrimination is not an adjunct to the ascertainment of truth," we are satisfied that

it would not be in the public interest to undo on collateral attack judgments of conviction the finality of which was realistically settled long before *Griffin*. The values which *Griffin* seeks affirmatively to sustain for the future do not call for a renewal of this extended litigation as to all or any of these defendants.

The orders denying post-conviction relief are affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.